THE PEOPLE V. MÁRQUEZ.

PETITION for a writ of *habeas corpus.*

No. 47.—Decided March 18, 1905.

HABEAS CORPUS—EXCEEDING JURISDICTION—APPEAL—BOND—ILLEGAL IMPRISON-
MENT.—When an appeal is taken from a judgment of a municipal court and
the accused has given the required bond, the case shall be tried *de novo*, and
if the court orders that the judgment appealed from shall be executed with-
out the accused having had a hearing and without a trial *de novo*, the court
exceeds its jurisdiction, and the imprisonment is illegal and defendant will
be discharged on *habeas corpus.*

ID.—COMMITMENT.—If the commitment by which the accused is imprisoned is not
accompanied by a copy of the sentence of the court, it contains a substantial
error, and is therefore void and the imprisonment illegal.

The facts are stated in the opinion.

*Mr. Mott,* for petitioner.

*Mr. Rossy, Fiscal,* for The People.

OPINION OF THE COURT.

The imprisonment of Francisco Márquez Cuello at the
time of the filing of his petition for a writ of *habeas corpus*
is illegal, as it is based on a decision rendered by the District
Court of Aguadilla, which said court, without hearing the
said Márquez Cuello, issued an order for the execution of
the sentence rendered by the municipal judge of Lares, not-
withstanding the fact that the said Márquez Cuello had fur-
nished good and sufficient bond for the holding of a new
trial on appeal taken from the said sentence; and, further,
in view of the fact that the warden of the jail under whose
custody the aforesaid petitioner was, has produced only the
commitment that was delivered to him for the imprisonment
of the said Márquez Cuello, and that the said imprisonment
could only be justified under a sentence, of which no copy
has been produced by said official, it is therefore obvious
that the District Court of Aguadilla exceeded its jurisdiction

and that the commitment of the said Márquez Cuello contains a material error and should be vacated.

The petitioner is hereby ordered to be discharged and the bond furnished by him in this court for his provisional liberty is hereby cancelled.

*Dismissed.*

Mr. Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Justice Wolf also concurred, but dissented from the reasons upon which the decision is based.

Justice MacLeary took no part in the decision of this case.